Paul E. Kempter and Edna L. Kempter v. Commissioner.
Kempter v. Commissioner
Docket No. 90506.
United States Tax Court
T.C. Memo 1963-68; 1963 Tax Ct. Memo LEXIS 277; 22 T.C.M. (CCH) 274; T.C.M. (RIA) 63068; 18 Oil & Gas Rep. 243; March 7, 1963
Paul E. Kempter and Edna L. Kempter, P.O. Box 42, Bellevue, Ia., pro se. Nelson E. Shafer, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioners' income tax for the years 1956 and 1957 in the respective amounts of $851.97 and $590.30. The single issue presented is whether amounts received by petitioners during the years in question pursuant to a settlement of a law suit constitute ordinary income or long-term capital gain. All of the facts have been stipulated and they are found accordingly. Petitioners are husband and wife who, during the years in question, lived in Casper, Wyoming. They filed their income tax returns for said years with the district director of internal revenue for the district of Wyoming. On or about October 5, 1955, petitioner *278 Edna L. Kempter, as plaintiff, instituted suit in the United States District Court for the District of Wyoming, Civil No. 3939, against James Campbell Carey and Mary Louise Carey, as defendants. The unverified complaint in the action against the Careys, which was signed only by plaintiff's attorney, alleged plaintiff was entitled to a one-fourth of a 50 percent interest in Oil and Gas Lease Cheyenne 038000, which had formerly belonged to plaintiff's father; that, although her father had transferred this 50 percent interest to her sister, the defendant, Mary Louise Carey, the latter actually held this 50 percent interest in trust for plaintiff and other legal heirs of her father. The prayer was that plaintiff be declared the legal and equitable owner of a one-fourth of said 50 percent interest in the lease and defendants be required to account to plaintiff for her one-fourth interest of the profits they had collected under the lease. The answer of the defendants admitted the original ownership of 50 percent of the lease in plaintiff's father and the transfer of said interest to his daughter, Mary Louise Carey, and denied the other material allegations of the petition. It also pleaded *279 an affirmative defense of res judicata growing out of litigation between Mary L. Carey and her father wherein it was decreed Mary L. Carey owned the 50 percent interest in the lease as her sole and exclusive property and therefore at the time of her father's death he had no interest in the lease and petitioner's claim, which is based upon her privity in estate through her father who died intestate, is barred. In May or June of 1956 the foregoing suit was settled and dismissed. The settlement instrument, which is dated May 18, 1956, states that in consideration of the sum of $70,000 to be paid to the plaintiff, Edna L. Kempter and her husband, Paul Kempter, the latter agree to dismiss with prejudice Civil Case No. 3939 and to dismiss without prejudice the petition of intervention in another case identified as "Case No. 17649 James Campbell Carey et al. V. Hannah T. Schuster pending in the District Court of Natrona County, Wyoming." The settlement instrument states the $70,000 was to be paid $12,000 on or before June 8, 1956 and the balance at the rate of $750 a month beginning January 1957. It further states that it is "understood that neither Edna nor Paul Kempter will volunteer *280 any testimony or assistance in said Case No. 17649" and that it is "understood and agreed between all the parties hereto this settles and concludes any and all differences, contracts or claims between the parties hereto." Another clause in the settlement instrument states: "It is further agreed the payments to be made to Edna and Paul Kempter shall be from oil runs on the Salt Creek lease so that they may take advantage of the depletion allowance of 27 1/2%." The only persons who signed the settlement instrument are "J. Campbell Carey and Mary Louise Carey." However, on June 7, 1956, the attorney for the plaintiff signed and filed a motion on behalf of plaintiff in No. 3939 Civil which states: Comes now the plaintiff above named and moves that this action be dismissed with prejudice for the reason that a settlement has been made out of Court. On the same date the Court entered an order on the above motion dismissing the case "with prejudice, each party to pay their own costs." On their income tax return for 1956 petitioners reported the $12,000 received from the Careys and took depletion deduction in the amount of $3,300. On their income tax return for 1957 petitioners reported *281 the $9,000 received from the Careys and took depletion deduction in the amount of $2,475. Respondent determined the above amounts received from the Careys constituted ordinary income not subject to depletion and disallowed the claimed depletion deductions. On or about November 14, 1958, petitioners filed what is purported to be an amended income tax return for 1956 in which the $12,000 received from the Careys is reported as long-term capital gain. In their petition filed in this case, petitioners make no allegation that they should be entitled to depletion deduction on the sums received from the Careys. The allegations with respect to this income is that respondent erred in not treating the payments they received from the Careys as long-term capital gains. It is petitioners' position, as disclosed by the allegations of their petition (they filed no brief), that the settlement of Edna's suit against the Careys, which was the consideration for the payments received from the Careys, constituted a sale to the Careys of a capital asset, namely, an interest in an oil lease. In order to prevail it was incumbent upon petitioners to first show they, or one of them, actually owned an interest *282 in the oil lease. Certainly this is not established by the complaint signed and filed by Edna's attorney. It could establish no more than the fact that plaintiff claimed ownership of something she admittedly had never possessed. The complaint is merely a challenge of the ownership of the defendants who were in possession of the subject asset. Such a petition falls far short of establishing any ownership of an interest in the oil lease in petitioners. Also in order to prevail, petitioners would have the burden of showing the settlement in some manner constituted a "sale or exchange" ( Sec. 1222, Internal Revenue Code of 1954) of an interest in the oil lease or a capital replacement. Raytheon Production Compiny, 1 T.C. 952, affd., 144 F. 2d 110. The settlement instrument merely informs us that the consideration to be paid is in consideration of dismissal of the plaintiff's suit with prejudice, an agreement on the part of petitioners to dismiss their petition of intervention in other litigation, about which we know nothing, an agreement that petitioners will not volunteer testimony or assistance in other litigation, and an agreement *283 that all "differences, contracts or claims between the parties" are settled and concluded. It is perfectly obvious such a settlement instrument, even if executed by the plaintiff or her attorney which it was not, cannot evidence a "sale or exchange" or any capital replacement. In addition, plaintiff's action sought an accounting from the defendants for one-fourth of the profits from the oil lease that they had received. Under such a record as is here presented the payments petitioners received from the Careys can only be seen as being made for extinguishment of an unrecognized claim against property, and settlement of a claim for income, and an agreement to act in other litigation, in a manner deemed beneficial to the defendants. The indication is that the money was paid to avoid present and future expense and harassment by the holders of the 50 percent interest in the lease. In any event, the record falls far short of establishing the "sale of an interest in and to property" as alleged in the petition. We hold for respondent on the issue presented. Since all other issues raised in the petition have been conceded by petitioners, Decision will be entered for the respondent.